IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARQUIS CRACRAFT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-02398-JPH-KMB. |
| | ) |
| IVY TECH COMMUNITY COLLEGE | ) |
| OF INDIANA, OFFICER WHEATLEY, | ) |
| INDIANAPOLIS METROPOLITAN POLICE | ) |
| DEPARTMENT, & OFFICER SHAEFFER | ) |
| | ) |
| Defendant. | ) |

**CASE MANAGEMENT PLAN**

**I.     Parties and Representatives**

   A.     Marquis Cracraft, Plaintiff

   Ivy Tech Community College of Indiana ("Ivy Tech"); Officer David Weekly (incorrectly identified in Plaintiff's Complaint as "Officer Wheatley"), in his individual and official capacities ("Officer Weekly") (together, "Ivy Tech Defendants"); the Indianapolis Metropolitan Police Department ("IMPD"); and IMPD Officer Shaffer (incorrectly identified in Plaintiff's complaint as "Officer Shaeffer"), in his individual and official capacities ("Officer Shaffer") (together, "IMPD Defendants"), Defendants

   B.     Counsel for Plaintiff
   Kyle F. Biesecker
   BIESECKER DUTKANYCH & MACER, LLC
   411 Main Street
   Evansville, Indiana 47708
   Telephone: (812) 424-1000
   Facsimile: (812) 424-1005
   Email: kfb@bdlegal.com

   Taylor Ferguson
   BIESECKER DUTKANYCH & MACER, LLC
   144 North Delaware Street
   Indianapolis, IN  46204
   Telephone: 317.991.4765

*tferguson@bdlegal.com*

<u>Counsel for Ivy Tech Defendants</u>
Audrey K. Howard (#30653-53)
Sean T. Dewey (#33769-49)
ICE MILLER LLP
One American Square, Suite 2900
Indianapolis, IN 46282-0200
(317) 236-2100
audrey.howard@icemiller.com
sean.dewey@icemiller.com

<u>Counsel for IMPD Defendants</u>
John P. Lowrey (#29349-53)
Office of Corporation Counsel
200 E. Washington St., Suite 1601
Indianapolis, IN 46204
Ph:  (317) 327-4087
John.lowrey@indy.gov

Counsel shall promptly file a notice with the Clerk if there is any change in this information.

**II.   Jurisdiction and Statement of Claims**

   A. The Court has jurisdiction pursuant to Court by 28 U.S.C. § 1331 arising from Plaintiff's Fourth Amendment claim brought pursuant to 42 U.S.C. § 1983, and pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

   B. <u>Plaintiff's Claims</u>: Plaintiff, African American, was a student at Ivy Tech.  On or about July 28, 2022, Plaintiff left Ivy Tech's Library and was detained by the Defendants due to carrying a laptop.  Said actions violate Federal and State law.

   C. <u>Defendants' Positions</u>

   <u>Ivy Tech Defendants:</u> Ivy Tech Defendants have sovereign immunity protection pursuant to the Eleventh Amendment for all Plaintiff's claims against Ivy Tech and Plaintiff's official capacity claims against Officer Weekly, with the exception of any seeking prospective injunctive relief, and are entitled to dismissal without prejudice pursuant to Fed. R. Civ. P. 12(b)(1) and/or 12(b)(6). Further, Plaintiff has failed to properly serve Officer Weekly and, thus, the Court has not acquired personal jurisdiction over him—as such all claims against him should be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(2) and/or 12(b)(5).  Moreover,

Plaintiff has failed to state a claim as to his Fourth Amendment which should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6). The Court, likewise, should decline to exercise supplemental jurisdiction over Plaintiff's state law claims.

<u>IMPD Defendants:</u>   The IMPD Defendants are protected from liability by the doctrines of qualified immunity and law enforcement immunity, and are entitled to dismissal without prejudice pursuant to Fed. R. Civ. Pro. 12(b)(1) and/or 12(b)(6). Plaintiff has failed to state a claim as to his Fourth Amendment which should be dismissed with prejudice pursuant to Fed. R. Civ. Pro. 12(b)(6).  This Court should decline to exercise supplemental jurisdiction over Plaintiff's state law claims, which are likewise barred by the Indiana Tort Claims Act.

### III.   **Pretrial Pleadings and Disclosures**

Sec. III E. The Parties shall submit (not file) courtesy copies of their respective demand and response at the time of service via email to JudgeBarrChambers@insd.uscourts.gov. There is no need to follow the email with a hard copy.

A. The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **April 14, 2023**.

B. Plaintiff shall file preliminary witness and exhibit lists on or before **April 21, 2023**.

C. Defendant shall file preliminary witness and exhibit lists on or before **April 28, 2023**.

D. All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **May 15, 2023**.

E. Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before **May 15, 2023**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F. Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 14, 2023**. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **January 15, 2024**.

G. Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive

        disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.    Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **June 14, 2024**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.    All parties shall file and serve their final witness and exhibit lists on or before **March 14, 2024**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.    Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.    <u>Discovery of electronically stored information ("ESI")</u>. If either party is seeking the production of a substantial volume of ESI, then complete the <u>ESI Supplement to the Report of the Parties' Planning Meeting</u> (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

        The parties have discussed preservation and disclosure of electronically stored discovery information. The parties agree that each shall make reasonable, good faith efforts to preserve, until this matter has been finally resolved, any electronically stored information that is reasonably relevant to the allegations of the Complaint. Plaintiff and Defendant will, if requested pursuant to Fed. R. Civ. P. 34, identify and provide to the other party paper copies or electronic PDF copies of any electronically stored information that is reasonably relevant to the allegations of the Complaint or to Defendant's defenses and which is not attorney work product and is not protected by attorney-client privilege or any other privilege. Each party shall bear its own costs associated with such production. The parties do not currently anticipate any need for discovery of embedded data or metadata.

        In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all

parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.** **Discovery[1] and Dispositive Motions**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A. Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? If yes, the party(ies) that expect to file such a motion must provide a brief statement of the factual and/or legal basis for such a motion.

Defendant: If Ivy Tech Defendants' motion to dismiss is denied in whole or in part, Ivy Tech Defendants intend to file a dispositive motion, based on certain affirmative defenses (Count I) and Plaintiff's inability to meet the elements of his state law claims (Counts II-VI).

---

[1] The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

5

       Likewise, if the IMPD Defendants' motion to dismiss is denied wholly or partially, the IMPD Defendants anticipate filing a dispositive motion based on affirmative defenses and Plaintiff's failure to establish necessary elements of his claims.

       Plaintiff: Plaintiff respectfully disagrees.

B.    On or before **October 23, 2023**, and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.    Select the track that best suits this case:

       <u>Track 2</u>: Dispositive motions are expected and shall be filed by **February 15, 2024**; non-expert witness discovery and discovery relating to liability issues shall be completed by **October 16, 2023**; expert witness discovery and discovery relating to damages shall be completed by **March 14, 2024**. All remaining discovery shall be completed by no later than **April 15, 2024**.

       <u>Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

## V.   Pre-Trial/Settlement Conferences

The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in **August/September 2023.**

## VI.   Trial Date

The parties request a trial date in October 2024. Trial is anticipated to take three (3) days.

## VII.   Referral to Magistrate Judge

A. **Case**. At this time, all parties do not consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

**VIII. Required Pre-Trial Preparation**

    A.    **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1.    File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

        2.    Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3.    Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4.    A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

            a.    brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

            b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

        5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

        6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B. **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1. Notify opposing counsel in writing of any objections to the proposed exhibits. If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2. If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing. Any objections shall be made in the same manner as for proposed exhibits. However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3. File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4. Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX. **Other Matters**


BIESECKER DUTKANYCH & MACER, LLC          ICE MILLER LLP

By: *Taylor Ferguson*                      By: Audrey K. Howard (w/ permission)
Kyle Biesecker                             Audrey K. Howard
Taylor Ferguson                            Sean T. Dewey
144 North Delaware Street                  One American Square, Suite 2900
Indianapolis, IN 46204                     Indianapolis, IN 46282-0200
Telephone: 317.991.4765                    (317) 236-2100
kfb@bdlegal.com                            audrey.howard@icemiller.com
*tferguson@bdlegal.com*                    sean.dewey@icemiller.com

*Attorney for Plaintiff*

*Attorneys for Defendants, Ivy Tech Community College of Indiana and Officer David Weekly (incorrectly identified in Plaintiff's Complaint as "Officer Wheatley")*

By: /s/ *John P. Lowrey (w/ permission)*
John P. Lowrey (#29349-53)
Office of Corporation Counsel
200 E. Washington St., Suite 1601
Indianapolis, IN 46204
Ph: (317) 327-4087
John.lowrey@indy.gov

*Attorney for Defendants Indianapolis Metropolitan Police Department, and Officer Corey Shaffer (incorrectly identified in Plaintiff's Complaint as "Officer Schaeffer")*

| | |
|---|---|
| __x__ | PARTIES APPEARED BY COUNSEL ON **February 14, 2023**, FOR AN INITIAL PRETRIAL CONFERENCE. |
| _____ | APPROVED AS SUBMITTED. |
| __x__ | APPROVED AS AMENDED. |
| _____ | APPROVED AS AMENDED PER SEPARATE ORDER. |
| _____ | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| _____ | THIS MATTER IS SET FOR TRIAL BY _____ ON _____ . FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____ .M., ROOM _____ . |
| _____ | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____ AT _____ .M. COUNSEL SHALL APPEAR: _____ IN PERSON IN ROOM _____ ; OR _____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT ( ____ ) _____ ; OR _____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT ( ____ ) _____ . |
| __x__ | DISPOSITIVE MOTIONS SHALL BE FILED BY **February 15, 2024.** |
| __x__ | NON-EXPERT WITNESS AND LIABILITY DISCOVERY SHALL BE COMPLETED BY **October 16, 2023.** |

   Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

   **APPROVED AND SO ORDERED.**

    Date: 2/17/2023

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana